Exhibit A

ELECTRONICALLY FILED - 2024 Nov 20 7:16 AM - CHARLESTON - COMMON PLEAS - CASE#2024CP1005667



| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF CHARLESTON | ) | |
| CONSUELOE DICKEY, | ) | |
| Plaintiff, | ) | |
| vs. | ) | **AMENDED SUMMONS (JURY TRIAL REQUESTED)** |
| THE MEDICAL UNIVERSITY OF SOUTH CAROLINA (MUSC) d/b/a MEDICAL UNIVERSITY HOSPITAL AUTHORITY, | ) | |
| Defendant. | ) | |

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action a copy of which is hereby served upon you, and to serve a copy of your Answer to the Complaint on the subscriber at her office at 4000 Faber Place Drive, Suite 300, North Charleston, SC 29405 within thirty (30) days after the service thereof, exclusive of the day of service. If you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the Court for the relief demanded in the Complaint and judgment by default will be rendered against you.

Respectfully Submitted,

s/Bonnie Travaglio Hunt
Bonnie Travaglio Hunt
Hunt Law LLC
Federal Bar # 07760
SC Bar # 12341
Attorney for the Plaintiff
4000 Faber Place Drive, Suite 300, N. Charleston, 29405
Post Office Box 1845, Goose Creek, SC 29445
(843)553-8709
Facsimile (843)492-5509
bthunt@huntlawllc.com

November 20, 2024

1

ELECTRONICALLY FILED - 2024 Nov 20 7:16 AM - CHARLESTON - COMMON PLEAS - CASE#2024CP1005667

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF CHARLESTON | ) | |
| | | |
| CONSUELOE DICKEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **AMENDED** |
| vs. | ) | **COMPLAINT** |
| | ) | **(JURY TRIAL REQUESTED)** |
| THE MEDICAL UNIVERSITY OF SOUTH | ) | |
| CAROLINA (MUSC) d/b/a | ) | |
| MEDICAL UNIVERSITY HOSPITAL | ) | |
| AUTHORITY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Ms. Consueloe Dickey, by and through her undersigned attorney Bonnie Travaglio Hunt of Hunt Law LLC, does hereby make the following claims and allegations against the Defendant, The Medical University of South Carolina (MUSC) d/b/a Medical University Hospital Authority (MUHA):

## PARTIES AND JURISDICTION

1. Ms. Dickey is a resident of the State of South Carolina.

2. The Defendant, MUHA is a subsidiary of the Medical University of South Carolina. MUHA is an entity subject to the laws of the United States of America and the State of South Carolina.

3. This action is brought pursuant to the Rehabilitation Act, the Americans with Disabilities Act, and Age Discrimination in Employment Act. The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights guaranteed by federal law and state law which rights provide for injunctive and other relief for illegal discrimination in employment.

ELECTRONICALLY FILED - 2024 Nov 20 7:16 AM - CHARLESTON - COMMON PLEAS - CASE#2024CP1005667

4.     All parties and events herein mentioned are within the jurisdiction of this Honorable Court.

5.     This Court has jurisdiction over the parties and subject matter and venue is proper.

## **PROCEDURAL HISTORY**

6.     Ms. Dickey filed a Charge of Discrimination with the EEOC on February 19, 2024, against the Medical University Hospital Authority for Age Discrimination in violation of the Age Discrimination in Employment Act, Disability Discrimination in Violation in violation of the American's with Disabilities Act, Retaliation and Hostile Work Environment in Violation in Age Discrimination in Employment Act, and Disability Discrimination in Violation of American's with Disabilities Act.

7.     That the Charge of Discrimination set forth the following:

I.      *That I am a former employee of the Employer.  That I was discharged from my employment.*

II.     *That I was hired by the Employer on July 27, 2014.  That I was employed in the Milk Bank as a Technician.*

III.    *That I suffered a knee injury.  As a result of my knee injury I was treated differently.*

IV.    *That I complained about the differential treatment based on my injury and disability.*

V.      *That other younger individuals were not treated the same as me.*

VI.    *I was out of work on FMLA.  That my employer perceived me as disabled based on my leave request.*

VII.   *That my employer subjected me to a severe and pervasive hostile work environment. No reasonable person would tolerate the working conditions that I was subjected to.*

ELECTRONICALLY FILED - 2024 Nov 20 7:16 AM - CHARLESTON - COMMON PLEAS - CASE#2024CP1005667

VIII.    *That I performed at the legitimate expectations of my employer. However, my supervisor mistreated me.*

IX.    *That I filed a Formal Complaint regarding the acts of my supervisor. As a result of my formal complaint, I have been suffering more severe harassment, hostility, and retaliation. My employer has attempted to discipline me for pretextual reasons.*

X.    *That I was terminated on November 16, 2023, after my complaints for pretextual reasons.*

XI.    *That the actions of my employer have affected the terms and conditions of my employment.*

XII.    *That the hostile work environment has been severe and pervasive.*

XIII.    *That I have been discriminated against based on my age in violation of Age Discrimination in Employment Act.*

XIV.    *That I was discriminated against based on my perceived, actual or record of a disability in violation of the Americans with Disabilities Act.*

XV.    *That I have suffered a hostile work environment and retaliation for my complaints in violation of Americans with Disabilities Act and Age Discrimination in Employment Act.*

8.    Ms. Dickey received the right to sue from the EEOC on September 20, 2024. The EEOC Right to Sue set forth "***DETERMINATION OF CHARGE*** *The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the*

ELECTRONICALLY FILED - 2024 Nov 20 7:16 AM - CHARLESTON - COMMON PLEAS - CASE#2024CP1005667

*respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.*

**"NOTICE OF YOUR RIGHT TO SUE**    *This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.) If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 415-2024-00874."*

9.   That not more than 90 days have passed since the issuance of the Right to Sue.

## FACTS

10.   Ms. Dickey is a Caucasian female over the age of forty who suffers from a disability.

11.   Ms. Dickey began her employment on July 17, 2014 with the Defendant's EAU (Express Admission Unit) in the Main Hospital.

12.   The EAU was shut down and Ms. Dickey was moved and worked for Meduflex for a few months in 2015.  After working in Meduflex, Ms. Dickey was transferred to the Children's hospital on 7E till July of 2018.

13.   In July of 2018, Ms. Dickey's nurse manager came to Ms. Dickey and asked if Ms. Dickey could help in the Milk Bank since a technician had quit without notice.

ELECTRONICALLY FILED - 2024 Nov 20 7:16 AM - CHARLESTON - COMMON PLEAS - CASE#2024CP1005667

14. The Mother's Milk Bank of South Carolina is responsible for the collection of milk from SC breastfeeding mothers with a surplus milk supply. This milk is pasteurized and provided to infants whom mother's have limited milk and/or who are hospitalized due to very low birth weight. The Complainant's role of amongst other responsibilities was to process milk and store milk according to outlined processes and procedures to ensure safety.

15. Ms. Dickey had no issues with her employment or performance from July 2018 till her termination in November 2023.

16. Ms. Dickey had a special schedule because she drove from Columbia. Ms. Dickey's Nurse Manager Robin Ohlinger in 2018 approved Ms. Dickey to work a special schedule due to the 2 hour drive to the office and home. Ms. Dickey's schedule was never based on her husband's son as alleged by MUHA.

17. During Ms. Dickey's employment, she suffered a knee injury that did not occur on MUHA's property. When the employer became aware of the knee injury, Ms. Dickey was harassed about where her injury occurred. Ms. Dickey complained about differential injury due to her injury. Ms. Dickey was required to take FMLA.

18. When Ms. Dickey was out on FMLA, her supervisor left the Milk Bank. Lea Caldwell became the temporary head of the Milk Bank. When Caldwell took over as the interim manager she immediately began to make changes in the Milk Bank.

19. While out on FMLA, Ms. Dickey was notified that she would be subject to schedule changes.

20. Further while out on FMLA, Ms. Dickey was harassed about her condition and her return date. Due to that harassment, Ms. Dickey requested her doctor release her to return to work prior to the date the doctor projected. The Doctor released Ms. Dickey with restrictions.

ELECTRONICALLY FILED - 2024 Nov 20 7:16 AM - CHARLESTON - COMMON PLEAS - CASE#2024CP1005667

Ms. Dickey was required to work light duty. Ms. Dickey requested to work as the receptionist for the Milk Bank since the position was open. Caldwell refused to allow her to temporarily fill that position.

21.  As a result of Caldwell's refusal to allow Ms. Dickey's to return to work on light duty, Ms. Dickey contacted Human Resources and filed a complaint. Human Resources was going to allow Ms. Dickey to work at the main hospital on light duty. However, traveling to MUSC and working 8 hours would have been hard on her knee and recovery.

22.  As a result of Caldwell's refusal to allow Ms. Dickey to work on light duty, Ms. Dickey requested that her physician allow her to return to work without any restrictions. Ms. Dickey believed that Caldwell viewed Ms. Dickey as disabled and wanted to terminate her employment for her complaint and limitations.

23.  Ms. Dickey's physician released her to return to work. Prior to returning Ms. Dickey again contacted Human Resources and informed them that she was being harassed and bullied while on FMLA.

24.  Ms. Dickey requested to use a walker for her knee in the Milk Bank. Caldwell refused to allow Ms. Dickey to use a cane or a walker and instructed Ms. Dickey that she would be required to use a rollie chair while working for support. Caldwell's treatment of Ms. Dickey was in violation of the law and discrimination.

25.  On November 13, Ms. Dickey went to HR after being back to work a week. Ms. Dickey spoke with Bailey in Human Resources. Ms. Dickey told Bailey that she wanted to put in my two weeks notice because she couldn't take the harassment and bullying. Ms. Dickey informed Bailey that the harassment and bullying from Caldwell were affecting her mental health. Ms. Dickey also discussed her evaluation with Bailey. Ms. Dickey specifically

ELECTRONICALLY FILED - 2024 Nov 20 7:16 AM - CHARLESTON - COMMON PLEAS - CASE#2024CP1005667

informed Bailey that she was concerned about how she could go out of work on FMLA with a Good Evaluation and return to work with a bad evaluation. Bailey informed Ms. Dickey that it may be better to transfer. Ms. Dickey also addressed concerns regarding her knee and the treatment she was receiving and Caldwell's failure to allow her to have a walker. Bailey instructed Ms. Dickey that she should complete an ADA form requesting accommodation. Ms. Dickey's mother was with Ms. Dickey in HR and can testify under oath of the discussion and that the Employer *NEVER* mentioned an allegation that Ms. Dickey had a weapon on MUHA property. If HR had addressed Ms. Dickey having a weapon on property, she would have immediately informed HR that Ms. Dickey had never brought the weapon on property.

26.    Ms. Dickey has never acknowledged receiving a policy from HR regarding weapons on MUHA premises.

27.    After the meeting with Bailey in Human Resources, Ms. Dickey got a call from a Monty with HR. Ms. Dickey informed Monty that she was driving, Monty informed her he would call back. Ms. Dickey informed Monty that she would pull over and they could talk. Monty instructed Ms. Dickey to take the 14th off for a mental health day and return to work on the 15th. Later that afternoon, Ms. Dickey received another call from Monty with Bailey and Kristen on the call while she was at her neighbor's house. Ms. Dickey put the call on speaker phone so that she would have a witness to the phone call. Monty asked Ms. Dickey if she had a gun. Ms. Dickey replied, yes. Monty asked if Ms. Dickey brought the gun to work. Ms. Dickey informed Monty that she did not. Monty then asked Ms. Dickey if she had brought the gun with her anywhere where did she leave it. Ms. Dickey informed Monty

ELECTRONICALLY FILED - 2024 Nov 20 7:16 AM - CHARLESTON - COMMON PLEAS - CASE#2024CP1005667

that the weapon was left locked in her car. This was the only conversation that Ms. Dickey ever had with an MUHA employee regarding her gun.

28.   Monty, Bailey and Kristen Then proceeded to go over Ms. Dickey's evaluation. Monty immediately began to threaten to terminate Ms. Dickey. Bailey informed Ms. Dickey she could resign and be paid her 2 weeks of pay. Ms. Dickey informed Monty, Bailey and Kristin that she loved her job and wanted to work but did not want to be treated the way she was being treated.

29.   Ms. Dickey was being harassed and subjected to a hostile work environment by Kristen, Monty and Caldwell.

30.   Bailey informed Ms. Dickey said she would send an email. There was no other information regarding Ms. Dickey's weapon.

31.   On November 16th, Ms. Dickey returned to the work and was given termination paperwork for having a weapon. Security and Monty wanted Ms. Dickey to leave immediately. Ms. Dickey refused to leave without her personal possessions. At that time, Security helped Ms. Dickey pack her personal belongings.

32.   Ms. Dickey was perceived as disabled. Ms. Dickey was never given an opportunity to submit an ADA form because immediately after her complaint she was instructed to stay home and when she did return she was immediately terminated from her employment.

33.   Ms. Dickey's employment began to be threatened on September 28, 2023.

34.   Caldwell made accusations against Ms. Dickey that she had been injured at work and failed to report it. Caldwell wanted Ms. Dickey terminated from her employment based on her age and her perceived disability.

ELECTRONICALLY FILED - 2024 Nov 20 7:16 AM - CHARLESTON - COMMON PLEAS - CASE#2024CP1005667

35. That other younger employees without disabilities were permitted to commit much more egregious acts that cost the company significant money with no discipline.

36. That Ms. Dickey was treated differently based on her disability and her age whereas others who committed much more egregious actions were allowed to remain in their positions in violation of ADA and the ADEA.

37. Ms. Dickey was subjected to differential treatment based on her age. Other younger employees where permitted to commit worse infractions and were not subjected to the same discipline. That Ms. Dickey was subjected discipline in retaliation for her complaints regarding differential treatment and her requests for a transfer to escape constant harassment and beratement.

38. Ms. Dickey was targeted because of her age with commentary that created a severe and pervasive hostile work environment.

39. That as a direct and proximate result of the Defendant's intentional and unlawful action of discrimination against Ms. Dickey, she has suffered lost wages, emotional damages, compensatory and consequential damages.

40. That Ms. Dickey is entitled to an award of actual damages, compensatory, consequential, and punitive damages against the Defendant for her unlawful discrimination and hostile work environment that led to her constructive discharge.

41. That as a direct and proximate cause of the Defendant's wrongful termination in violation of discrimination based on Age and Disability, Retaliation and hostile work environment of Ms. Dickey, she:

    a.    Suffered the loss of her job;

    b.    Suffered the loss of benefits associated with her job;

ELECTRONICALLY FILED - 2024 Nov 20 7:16 AM - CHARLESTON - COMMON PLEAS - CASE#2024CP1005667

c.    Suffered future lost wages and benefits;

d.    Suffered consequential and compensatory damages;

e.    Suffered emotional damages;

f.    Incurred attorney's fees and costs as a result of having to bring this action.

42.    That Ms. Dickey is entitled to an award of damages against the Defendant for actual damages, consequential damages, punitive damages, attorney's fees, costs of this action and other damages, such as this Honorable Court deems appropriate and just appropriate.

## FOR FIRST CAUSE OF ACTION

## DISCRIMINATION IN VIOLATION OF AMERICANS WITH DISABILITIES ACT/REHABILITIATION ACT

## AGAINST MUHA

43.    Paragraphs one (1) through forty-two (42) are hereby incorporated verbatim.

44.    The Defendant is an employer as defined in ADA/Rehabilitation Act.

45.    That Ms. Dickey is an employee as defined by the ADA/Rehabilitation Act.

46.    That Ms. Dickey was subjected to significant harassment and commentary regarding her disability and its effect on her physical and mental performance.

47.    That while she has been employed with the Defendant, Ms. Dickey performed her position at a satisfactory level. However, due to the mistreatment from her supervisor she had no opportunity to exceed and show her abilities.

48.    That Ms. Dickey suffered an injury off the job that requires treatment and light duty. Ms. Dickey notified the Defendant of her condition and was harassed as a result of the condition and further refused to accommodate her requests for light duty. Supervisors and

ELECTRONICALLY FILED - 2024 Nov 20 7:16 AM - CHARLESTON - COMMON PLEAS - CASE#2024CP1005667

management failed and refused to show any basic human compassion for Ms. Dickey because of her perceived, actual or record of a disability.

49. That the Defendant perceived Ms. Dickey as disabled and wanted to find any reason to terminate her employment.

50. That the Defendant considered Ms. Dickey's disability or perceived disability when considering any and all employment decisions.   Ms. Dickey was subjected to a hostile work environment and discrimination that no reasonable person would have continued to suffer.

51. That the Defendant treated younger non-disabled employees more favorably.

52. That the Defendant Terminated Ms. Dickey from her employment because of her perceived disability and their unwillingness that they may have to accommodate the disability.

53. That the Defendant violated its own policies and procedures when it allowed employees to harass Ms. Dickey based on a perceived disability.

54. That the Defendant is the proximate and direct cause of damage to Ms. Dickey.

55. That any and all reasons offered by the Defendant as a reason for the termination of Ms. Dickey's employment is pretextual.

56. That Ms. Dickey has suffered severe emotional damages as a result of the Defendant's discrimination against her.

57. That Ms. Dickey was subjected to discrimination based on consideration of her disability, the Defendant's perception of her disability, or in consideration of her disability, the Defendant violated the ADA/Rehabilitation Act.

58. That as a direct result of the Defendant's violation of ADA/Rehabilitation Act Ms. Dickey has suffered:

ELECTRONICALLY FILED - 2024 Nov 20 7:16 AM - CHARLESTON - COMMON PLEAS - CASE#2024CP1005667

a. Lost wages and lost benefits;

b. Future lost wages and Benefits;

c. Economic damages;

d. Economic hardship;

e. Lost wages;

f. Suffered anxiety, humiliation and emotional damages.

59. That Ms. Dickey is entitled to recover damages from the Defendant in the amount of actual damages, consequential damages, punitive damages, reasonable attorney's fees, the costs of this action and all other damages available pursuant to the ADA/Rehabilitation Act for the Defendant's discrimination against the Plaintiff based on her disability.

## FOR A SECOND CAUSE OF ACTION

## VIOLATIONS AGE DISCRIMINATION IN EMPLOYMENT ACT

## AGAINST MUHA

60. Paragraphs one (1) through fifty-nine (59) are hereby incorporated verbatim.

61. That the Defendant treated Ms. Dickey significantly differently based on her age.

62. That the Defendant subjected Ms. Dickey to negative commentary regarding her age, cognitive abilities and mental health based on her age.

63. That the Defendant treated Ms. Dickey significantly differently than it treated younger employees. That the Defendant did not discipline younger employees for actions that would have been terminable offenses.

64. That the Defendant permitted younger individuals to commit more egregious acts without discipline.

65. That the Defendant's actions towards Ms. Dickey violated the law.

66. That the Defendant subjected Ms. Dickey to harassment, discriminatory commentary and discrimination directly related to her age.

67. That the Defendant terminated the plaintiff from her employment in violation of the law because of her complaints of treatment.

68. That the Defendant is the direct and proximate cause of damage to Ms. Dickey.

69. That, as a direct and proximate result of the Defendant's intentional unlawful actions towards Ms. Dickey based on the her age, she:

   a. suffered severe emotional distress;

   b. suffered future lost wages and future lost benefits;

   c. suffered economic damages;

   d. Loss of employment;

   e. Loss of Future employment;

   f. incurred attorney fees for this action;

   g. incurred costs of this action; and

   h. will incur future attorney fees and costs.

70. That Ms. Dickey is entitled to an award of damages in the amount of actual damages, compensatory damages, consequential damages, punitive damages, attorney's fees previous, future and present, costs of previous future and this action, and other damages such as this Honorable Court deems appropriate and just.

## FOR A THIRD CAUSE OF ACTION

## HOSTILE WORK ENVIRONMENT BASED ON AGE IN VIOLATION OF THE

## AGE DISCRIMINATION IN EMPLOYMENT ACT

## AGAINST THE DEFENDANT MUHA

ELECTRONICALLY FILED - 2024 Nov 20 7:16 AM - CHARLESTON - COMMON PLEAS - CASE#2024CP1005667

ELECTRONICALLY FILED - 2024 Nov 20 7:16 AM - CHARLESTON - COMMON PLEAS - CASE#2024CP1005667

71.    Paragraphs one (1) through seventy (70) are hereby incorporated verbatim.

72.    That Ms. Dickey was an employee of the Defendant as defined by the Age

        Discrimination and Employment Act (ADEA).

73.    That the Defendant was an employer as defined by the ADEA.

74.    That the Defendants subjected Ms. Dickey to harassment and hostile work environment

        based on her age.

75.    That Ms. Dickey's work environment was abusive, to the point of severe and pervasive

        based on her age.

76.    That Ms. Dickey suffered severe emotional distress as a result of the Defendant's hostile

        work environment based on her age.

77.    That Ms. Dickey's severe emotional distress was foreseeable as a result of the severe and

        pervasive work environment that the Defendant subjected the Plaintiff too.

78.    The Defendant was well aware of Ms. Dickey's work environment as Ms. Dickey reported

        the behavior.

79.    That Ms. Dickey has been damaged as a result of the Defendant's work environment.

80.    That the Defendant is the direct and proximate cause of damage to Ms. Dickey.

81.    That Ms. Dickey is entitled to actual, compensatory, consequential and punitive damages

        from the Defendant as a result of the hostile work environment.

## FOR A FOURTH CAUSE OF ACTION

## RETALIATION IN VIOLATION OF ADEA AND ADA/REHABILITATION ACT

## AGAINST THE DEFENDANT MUHA

82.    Paragraphs one (1) through eighty-one (81) are hereby incorporated verbatim.

ELECTRONICALLY FILED - 2024 Nov 20 7:16 AM - CHARLESTON - COMMON PLEAS - CASE#2024CP1005667

83.   That Ms. Dickey participated in a protected act when she discriminated based on her perceived disability to the Defendant, MUHA.

84.   Ms. Dickey complained about the treatment by management and the work environment that she was creating.

85.   As a result of her complaints, Management inflicted harassment upon Ms. Dickey and retaliatory hostility.

86.   That Ms. Dickey was retaliated against for reporting violations of her Civil Rights Act.

87.   That the Defendant took adverse employment action against Ms. Dickey when they disciplined and terminated her employment.

88.   That the Defendant treated Ms. Dickey differently regarding the terms and conditions he reported discriminatory actions.

89.   That, as a direct and proximate result of the Defendants' intentional unlawful and retaliatory actions, Ms. Dickey:

   a.   Suffered lost wages and lost benefits;

   b.   suffered severe emotional distress;

   c.   suffered future lost wages and future lost benefits;

   d.   suffered economic damages;

   e.   Loss of employment;

   f.   Loss of Future employment;

   g.   incurred attorney fees for this action;

   h.   incurred costs of this action; and

   i.   will incur future attorney fees and costs.

ELECTRONICALLY FILED - 2024 Nov 20 7:16 AM - CHARLESTON - COMMON PLEAS - CASE#2024CP1005667

90.      That Ms. Dickey is entitled to an award of damages in the amount of actual damages, compensatory damages, consequential damages, punitive damages, attorney's fees previous, future and present, costs of previous future and this action, and other damages such as this Honorable Court deems appropriate and just.

WHEREFORE, the Plaintiff prays for an award of damages against the Defendants in the amount of:

A.      Actual damages;

B.      Consequential damages;

C.      Compensatory damages;

D.      Any and all damages permitted under ADEA;

E.      Any and All damages permitted under the ADA/Rehabilitation Act;

F.      Any and all damages permitted under Federal Law;

G.      Attorneys fees and Costs as permitted by Federal and State Law;

H.      Punitive damages;

I.      All other damages under South Carolina Law;

J.      Other damages such as this Honorable Court deems appropriate and just.


Respectfully Submitted,


*s/Bonnie Travaglio Hunt*
Bonnie Travaglio Hunt
Hunt Law LLC
Federal Bar # 07760
SC Bar # 12341
Attorney for the Plaintiff
4000 Faber Place Drive, Suite 300, N. Charleston, 29405
Post Office Box 1845, Goose Creek, SC 29445
(843)553-8709
Facsimile (843)492-5509
bthunt@huntlawllc.com

November 20, 2024

# Certificate of Electronic Notification

### Recipients

**Bonnie Hunt**   - Notification transmitted on 11-20-2024 07:17:07 AM.

ELECTRONICALLY FILED - 2024 Nov 20 9:05 AM - CHARLESTON - COMMON PLEAS - CASE#2024CP1005667

****** IMPORTANT NOTICE - READ THIS INFORMATION *****

NOTICE OF ELECTRONIC FILING [NEF]

–

**A filing has been submitted to the court RE:** 2024CP1005667

**Official File Stamp:**                    11-20-2024 07:16:50 AM

**Court:**                                  CIRCUIT COURT

                                            Common Pleas

                                            Charleston

**Case Caption:**                           Consueloe Dickey VS Medical University Hospital Authority

**Document(s) Submitted:**                  Amended/Amended Summons And Complaint

**Filed by or on behalf of:**               Bonnie Travaglio Hunt

This notice was automatically generated by the Court's auto-notification system.

–

**The following people were served electronically:**

                                            Bonnie Travaglio Hunt for Consueloe Dickey

**The following people have not been served electronically by the Court. Therefore, they must be served by traditional means:**

                                            Medical University Hospital Authority

ELECTRONICALLY FILED - 2024 Nov 20 9:05 AM - CHARLESTON - COMMON PLEAS - CASE#2024CP1005667